Lincoln D. Bandlow (SBN: 170449)
Lincoln@BandlowLaw.com
Rom Bar-Nissim (SBN: 293356)
Rom@BandlowLaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.556.9680
Facsimile: 310.861.5550

Attorneys for Defendants
Penske Media Corporation and
SheMedia, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KELLEY, an individual, <br><br> Plaintiff, <br><br> v. <br><br> PENSKE MEDIA CORPORATION, a Delaware Corporation; SHEMEDIA, LLC a Delaware Limited Liability Company; and DOES 1 through 10, <br><br> Defendants. | Case No.: 2:23-cv-01718-JAK-ADS <br><br> **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** <br><br> Assigned to: Hon. John A Kronstadt |

Defendants Penske Media Corporation ("PMC") and SheMedia, LLC ("SheMedia") (collectively, "Defendants") by and through their undersigned counsel, hereby answer the Complaint of plaintiff Michael Kelley ("Kelley"). Defendants, as individual defendants, respond to the allegations contained in Kelley's Complaint only insofar as they pertain to those particular defendants and not as to any other defendant in this matter. If an allegation is not specifically admitted, it is hereby denied.

## JURISDICTION AND VENUE

1. Defendants deny that they have committed any infringement or wrongful acts, but do not contest that this action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101, *et seq.*

2. Defendants do not contest this Court's federal jurisdiction under 28 U.S.C. §§ 1331 and 1338(a-b).

3. Defendants deny that they have committed any infringement or wrongful acts, but they do not contest Kelley's selection of venue in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(a).

## PARTIES

4. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and therefore deny the allegations on that basis.

5. Defendants admit that PMC is a Delaware corporation with its principal place of business located at 11175 Santa Monica Blvd., Los Angeles, CA 90025 and that it is the parent company of SheMedia. As to the remaining allegations contained in Paragraph 5, they constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the remaining allegations of Paragraph 5.

6. Defendants admit that: (1) SheMedia "is a Delaware limited liability company"; (2) "SheMedia is a subsidiary of PMC"; and (3) "SheMedia … owns,

operates, and/or controls the … website sheknows.com and its related/affiliated … subdomains." Since it is unclear to Defendants what is a "related/affiliated websites" of "sheknows.com" or a "mobile application" of "sheknows.com," Defendants lack knowledge and information sufficient to form a belief as to those allegations and, therefore, deny those allegations on that basis. As to the allegation that sheknows.com is a "commercial website," this is a conclusion of law to which no responsive pleading is required. Insofar as a response is required, it is unclear to Defendants what Kelley means by "commercial website" and, therefore, denies the allegation on that basis. Defendants deny the remaining allegations of Paragraph 6.

7. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore deny the allegations on that basis.

8. The allegations contained in Paragraph 8 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations contained in Paragraph 8.

### FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each)**

9. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and therefore deny the allegations on that basis.

10. The allegations contained in Paragraph 10 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore deny the allegations on that basis.

11. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, deny the allegations on that basis.

12. The allegations contained in Paragraph 12 constitute conclusions of

2
DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

law to which no responsive pleading is required. Insofar as a response is required, Defendants admit that they "displayed" the Subject Photographs in connection with a news article without authorization.

13. The allegations contained in Paragraph 13 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations of Paragraph 13.

14. The allegations contained in Paragraph 14 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations of Paragraph 14.

15. The allegations contained in Paragraph 15 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations of Paragraph 15.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement Against PMC)**

16. Defendants incorporate by reference their responses to Paragraphs 1 through 15 of Kelley's Complaint set forth above as if they were fully set forth herein.

17. The allegations contained in Paragraph 17 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations contained in Paragraph 17.

18. The allegations contained in Paragraph 18 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations contained in Paragraph 18.

19. The allegations contained in Paragraph 19 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations contained in Paragraph 19.

20. The allegations contained in Paragraph 20 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required,

Defendants deny the allegations contained in Paragraph 20.

## PRAYER FOR RELIEF

a. Defendants deny that Kelley is entitled to the relief requested in Paragraph (a) of Kelley's Prayer for Relief in the Complaint.

b. Defendants deny that Kelley is entitled to the relief requested in Paragraph (b) of Kelley's Prayer for Relief in the Complaint.

c. Defendants deny that Kelley is entitled to the relief requested in Paragraph (c) of Kelley's Prayer for Relief in the Complaint.

d. Defendants deny that Kelley is entitled to the relief requested in Paragraph (d) of Kelley's Prayer for Relief in the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to Kelley's Complaint. All such defenses are pled in the alternative, do not constitute an admission of liability, do not imply a concession that Kelley is entitled to any relief, and do not constitute an assumption of the burden of proof and/or persuasion that would otherwise rest on Kelley. Defendants allege that they cannot fully anticipate all affirmative defenses that may be applicable to the present action. Accordingly, Defendants hereby reserve their right to assert additional affirmative defenses based on information subsequently acquired through discovery, investigation, or otherwise, if and to the extent such affirmative defenses are applicable. Subject to the foregoing, for their affirmative defenses in this action, Defendants hereby assert and allege the following:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Kelley's Complaint and each claim for relief therein (in whole or in part) fail to state a claim upon which relief can be granted.

///

///

## SECOND AFFIRMATIVE DEFENSE

### (Fair Use)

Kelley's claims fail (in whole or part) because, to the extent Kelley's works allegedly were copied without authorization from Kelley (which the Defendants expressly deny) such use was transformative and constituted "fair use" under 17 U.S.C. § 107.

## THIRD AFFIRMATIVE DEFENSE

### (No Underlying Infringement)

Kelley's claims of contributory and vicarious copyright infringement against PMC are barred (in whole or in part) as Kelley cannot establish any underlying infringement by a third-party.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge of Underlying Infringement)

Kelley's claim based upon contributory copyright infringement against PMC is barred as PMC did not have knowledge of any underlying third-party infringement.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Inducement, Material Contribution or Cause)

Kelley's claim based upon contributory copyright infringement against PMC is barred as PMC did not induce, material contribute or cause any purported third-party infringement.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Right and Ability to Control)

Kelley's claim based upon vicarious copyright infringement against PMC is barred as PMC did not have the right and ability to control any purported third-party infringement.

/ / /

/ / /

## SEVENTH AFFIRMATIVE DEFENSE

## (Lack of Direct Financial Benefit)

Kelley's claim based upon vicarious copyright infringement against PMC is barred as PMC did not receive a direct financial benefit from the alleged infringement.

## EIGHTH AFFIRMATIVE DEFENSE

## (No Causation)

Kelley did not suffer any harm as a result of any acts or omissions of the Defendants as alleged in the Complaint or otherwise, and any purported damages or harm to Kelley were the result of causes other than the acts or omissions of the Defendants.

## NINTH AFFIRMATIVE DEFENSE

## (Innocent Infringement)

Kelley's claims fail (in whole or in part) because, to the extent the Defendants infringed on any of Kelley's rights under copyright (which Defendants deny) the purported infringement was innocent rather than willful.

## TENTH AFFIRMATIVE DEFENSE

## (Limited Number of Works for Potential Statutory Damages)

To the extent that Kelley seeks statutory damages, the potential number of works at issue for purposes of statutory damages is limited as Kelley's copyright works constitute a compilation under 17 U.S.C. § 101 *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

## (No Attributable Profits)

To the extent that Kelley seeks the recovery of profits or revenues from the Defendants purported infringement of Kelley's copyrighted works (which Defendants deny), such profits and revenues were not attributable to (nor can they be allocated or apportioned) the Defendants based upon the acts of infringement alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Kelley is barred from recovery (in whole or in part) because of and to the extent of his failure to mitigate his alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Attorneys' Fees)

To the extent that Kelley seeks his attorneys' fees for the present action, he is not entitled to such relief under the circumstances.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Jury for Equitable Issues)

Kelley is not entitled to a jury trial on any equitable issues.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Other Affirmative Defenses)

Defendants at this time have insufficient information upon which to form a belief as to whether they may have additional affirmative defenses. Defendants reserve their rights to assert additional affirmative defenses in the event they discover facts upon which such affirmative defenses may be based.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1. That Kelley take nothing by way of the Complaint against Defendants, and the action be dismissed with prejudice;

2. That judgment be entered in favor of the Defendants and against Kelley with respect to all claims in the Complaint relating to Defendants;

3. That the Court award Defendants their attorneys' fees and all other costs reasonably incurred in defense of this action to the extent provided for by law; and

4. That the Court award such other relief that it deems just and proper to Defendants.

Dated: April 26, 2023

**Law Offices of Lincoln Bandlow**

By _____
LINCOLN D. BANDLOW
ROM BAR-NISSIM
Attorneys for Defendants
Penske Media Corporation,
SheMedia, LLC,