Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Kelley,<br><br>Plaintiff,<br><br>v.<br><br>Penske Media Corporation, et al.,<br><br>Defendants. | Case No. 2:23-cv-01718-JAK-ADS<br><u>Hon. John A. Kronstadt Presiding</u><br><br>**AMENDED JOINT RULE 26(F) REPORT** |

Pursuant to this Court's July 10, 2023 Order (Dkt. 19), the parties, through counsel, hereby submit this Amended Joint Report following the conference of counsel required by Fed. R. Civ. P. 16(b) and 26(f), Civil L.R. 26-1, and this Court's Order setting the Schedule Conference (Dkt. 17).

**A.   STATEMENT OF THE CASE**

   1.   <u>Plaintiff's Contentions</u>

Plaintiff Michael Kelley is a Los Angeles-based professional photographer specializing in architectural photography. This case concerns the alleged unauthorized use of 14 of Kelley's original photos registered with the U.S. Copyright Office (collectively, the "Subject Photographs"). Defendants Penske Media Corporation ("PMC") and SheMedia, LLC ("SheMedia") (collectively, the "Defendants") copied, displayed, distributed, published, reproduced, and otherwise used verbatim copies of the Subject Photographs in articles and posts appearing on

sheknows.com, a website owned, operated, and/or controlled by the Defendants (together, the "Defendants' Website").

Kelley requests that the Defendants be enjoined from further infringement of his copyrights in the Subject Photographs, and that Kelley be awarded his losses, plus all the Defendants' profits, incurred and earned in connection with the Defendants' unauthorized exploitation of the Subject Photographs; or alternatively, statutory damages for what Kelley contends is the Defendants' willful infringement of his copyrights in the Subject Photographs.

2. <u>Defendants' Contentions</u>

PMC is a media entity that owns various news publications, such as *Variety*, *The Hollywood Reporter* and *Rolling Stone* magazine. SheMedia is a subsidiary of PMC. SheMedia owns and operates the website sheknows.com ("SheKnows") and publishes articles reporting on topics pertaining to women, such as parenting, health, lifestyle, mental health, sex and relationship advice.

This dispute concerns the use of the Subject Photographs in a SheMedia article entitled "Lori Loughlin's New $9.5 Million Hidden Hills Home Has a Private Hillside & Closets You Could Sleep In" (the "Article"). The Article made a fair use of the Subject Photographs by: (1) disclosing the otherwise unknown identity of the public figures – *i.e.*, Lori Loughlin ("Loughlin") and Mossimo Giannulli ("Giannulli") – that purchased the property depicted in the Subject Photographs; (2) critiquing the extravagance of the property depicted in the Subject Photographs; and (3) commenting on Loughlin and Giannulli by juxtaposing their purchase of the extravagant property depicted in the Subject Photographs with their involvement in the highly publicized Varsity Blues scandal – where Loughlin and Giannulli paid Rick Singer to bribe the University of Southern California to admit their privileged children.

In contrast to Defendants' use, it appears Kelley was commissioned by a real estate agent to create the Subject Photographs of the property to facilitate its sale

through real estate listings and marketing materials. It does not appear that Kelley has developed a licensing market for the Subject Photographs (or other photographs of properties commissioned by real estate agents) for any other purpose.

Further, should Defendants be found liable for copyright infringement (which they emphatically deny), Kelley is not entitled to statutory damages for each of the Subject Photographs because they comprise a single compilation under 17 U.S.C. Section 101 and, therefore, Kerhart would only be entitled to a single award of statutory damages under 17 U.S.C. Section 504(c).

**B.    SUBJECT MATTER JURISDICTION**

This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

**C.    LEGAL ISSUES**

1.    <u>Plaintiff's Contentions</u>

The primary legal issues in this case are (1) whether the Defendants' uses of the Subject Photographs were infringing; (2) if so, whether such infringements were innocent, willful, or neither; and (3) the available damages for the same, including the number of available statutory damage awards.

2.    <u>Defendants' Contentions</u>

The primary legal issues in this case are: (1) whether Defendants made a fair use of the Subject Photographs under 17 U.S.C. Section 107; (2) whether the Subject Photographs are a compilation under 17 U.S.C. Section 101 and, if Defendants did infringe the Subject Photographs (which they deny), Kelley is only entitled to a single award of statutory damages under 17 U.S.C. Section 504(c); and (3) if Defendants did infringe the Subject Photographs (which they deny), whether their alleged infringement was willful or innocent for purposes of statutory damages.

///

**D.   DAMAGES**

   1.   <u>Plaintiff's Contentions</u>

Kelley's recoverable damages include his losses, and the Defendants' profits, attributable to the Defendants' unauthorized exploitation of the Subject Photographs; or alternatively, statutory damages for each of the Subject Photographs. Kelley believes that each of the Subject Photographs are timely registered with the U.S. Copyright Office. Moreover, each of the Subject Photographs are individual works. If elected, Kelley could recover one statutory damages award of $750-$30,000 per Subject Photograph, with the top end of that range increasing to $150,000 upon a finding of willful infringement. Kelley does not believe, if he ultimately elects to recover statutory damages to dress the Defendants' infringement of his copyrights, that seeking awards equivalent to Defendants' maximum exposure will be reasonable; at the same time, Kelley will be seeking a substantial damages award in this case, plus his costs and attorneys' fees incurred.

   2.   <u>Defendants' Contentions</u>

Defendants state that, considering their meritorious defense of fair use, Kelley should pay Defendants' attorneys' fees and costs. If Defendants are found liable for copyright infringement (which they emphatically deny), Kelley is only entitled to a single award of statutory damages because the Subject Photographs constitute a compilation under 17 U.S.C. Section 101 and relevant case law. Further, Kelley is not entitled to a finding of willful infringement because Defendants had a reasonable belief that they had made a fair use of the Subject Photographs.

**E.   PARTIES AND EVIDENCE**

   1.   <u>Plaintiff's Contentions</u>

The parties in this case are Kelley and the Defendants. Should additional parties be discovered, Kelley will promptly move to add them as defendants.

Kelley contends that the percipient witnesses to the case are likely to be (1) Kelley, regarding the creation and registration of the Subject Photographs, his licensing history and practices related thereto, and the discovery of the Defendants' unauthorized uses of the Subject Photographs; (2) a representative of ImageRights International, Inc., regarding the discovery and documenting of the Defendants' unauthorized uses; and (3) representatives for each of the Defendants regarding the relationship between them, their ownership/operation/control of the Defendants' Websites, the full scope of the unauthorized uses of the Subject Photographs on the Defendants' Websites and beyond, the Defendants' revenues and profits earned in connection therewith, and the Defendants' knowledge of, willful blindness towards, or reckless disregard for whether their acts were infringing.

Kelley further contends that the key documents will relate to, *inter alia*, the creation, ownership, and registration of the Subject Photographs; licensing histories for the same; the Defendants' unauthorized uses of the same; and the Defendants' profits earned as a result of those unauthorized uses.

### 2. Defendants' Contentions

The parties in this case are Kelley and Defendants. Defendants contend the percipient witnesses to the case are likely to be: (1) Kelley regarding the creation, registration and exploitation of the Subject Photographs; (2) Louisa Ballhaus regarding her authorship of the Article and how SheMedia made a fair use of the Subject Photographs; (3) Eugenia Miranda Richman on SheMedia's policies regarding the use of third-party content and the level of PMC's involvement in the operation of SheMedia; (4) Paul Rainey from PMC regarding PMC's involvement in the operation of SheMedia and their content. Defendants further contend that the key documents will relate to, *inter alia*, (1) Kelleys's creation, registration and exploitation of the Subject Photographs; and (2) Defendants creation of the Article and the use of the Subject Photographs.

///

**F.   INSURANCE**

   1.   Plaintiff's Contentions

Kelley does not have insurance that covers the claims in this case.

   2.   Defendants' Contentions

Defendants do have insurance that could cover the claims in this case.

**G.   MANUAL FOR COMPLEX LITIGATION**

The parties do not believe the manual for complex litigation will be necessary for this action.

**H.   MOTIONS**

   1.   Plaintiff's Contentions

Kelley anticipates filing a Motion for Partial Summary Judgment on the Defendants' liability for copyright infringement on the grounds that (1) Kelley owns valid copyrights in the Subject Photographs, and (2) the Defendants used, without authorization, verbatim copies of those Photographs for commercial purposes. Kelley intends to file this motion after discovery.

   2.   Defendants' Contentions

At this stage, Defendants anticipate filing a: (1) a motion for summary judgment regarding liability on the grounds that Defendants made a fair use of the Subject Photographs under 17 U.S.C. Section 107; and (2) a motion for partial summary judgment that the Subject Photographs are a compilation under 17 U.S.C. Section 101 and limited to a single award of statutory damages under 17 U.S.C. Section 504(c).

**I.   DISPOSITIVE MOTIONS**

   1.   Plaintiff's Contentions

*See supra*, Section H(1).

   2.   Defendants' Contentions

*See supra*, Section H(2).

///

J.   **STATUS OF DISCOVERY**

The parties will serve their initial disclosures by or before the scheduling conference, and will serve their first round of written discovery requests thereafter.

K.   **DISCOVERY PLAN**

The parties anticipate using all discovery allowed under Fed. R. Civ. P. 26 and entering into an appropriate stipulated protective order.

Kelley anticipates seeking, *inter alia*, all financial information on the Defendants' unauthorized uses of the Subject Photographs. Kelley also anticipates that each of the Defendants, as well as the authors of the posts at issue on the Defendants' Website, will need to be deposed. Those depositions will take place after at least an initial round of written discovery.

L.   **DISCOVERY CUT-OFF**

*See* Ex. A.

M.   **EXPERT DISCOVERY**

*See* Ex. A.

N.   **SETTLEMENT CONFERENCE/ADR**

1.   Plaintiff's Contentions

Prior to litigation, Kelley requested from the Defendants information on their unauthorized uses of the Subject Photographs to facilitate potential resolution of this dispute without the need for litigation. The Defendants declined to provide that information, necessitating this case and preventing Kelley from being able to formulate a settlement demand. Kelley is amenable to using this Court's ADR Procedure No. 2.

2.   Defendants' Contentions

Prior to litigation, Kelley sent Defendants a cease-and-desist letter. In response, Defendants responded in writing and made a settlement offer to Kelley. Kelley never responded to that letter or that offer but, instead, commenced this lawsuit several months later. As of the date of the filing of this Joint Report, Kelley

has yet to respond to Defendants' settlement offer. Defendants are amenable to using this Court's ADR Procedure No. 3 and, potentially, ADR Procedure No. 2.

**O.    TRIAL ESTIMATE**

The parties anticipate that the jury trial will take approximately 3-4 court days.

**P.    TRIAL COUNSEL**

    1.    <u>Plaintiff's Counsel</u>

Stephen M. Doniger and Benjamin F. Tookey.

    2.    <u>Defendants' Counsel</u>

Lincoln D. Bandlow and Rom Bar-Nissim.

**Q.    MAGISTRATE JUDGE**

    1.    <u>Plaintiff's Contentions</u>

Kelley respectfully does not consent to a Magistrate Judge for trial.

    2.    <u>Defendants' Contentions</u>

Since Kelley does not consent to a Magistrate Judge for trial, Defendants' position is moot.

**R.    INDEPENDENT EXPERT OR MASTER**

As of the submission of this Joint Report, the parties do not anticipate the Court needing to consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**S.    SCHEDULE WORKSHEET**

*See* Ex. A.

**T.    CLASS ACTIONS**

N/A.

**U.    OTHER ISSUES**

The Parties do not contemplate that any other issues will affect or complicate the status or management of this case.

///

WHEREUPON, the parties hereby jointly submit this Joint Report.

Respectfully submitted,

Dated: July 11, 2023       By:       */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*

Dated: July 11, 2023       By:       */s/ Lincoln Bandlow*
Lincoln Bandlow, Esq.
Rom Bar-Nissim, Esq.
The Law Offices of Lincoln Bandlow
*Attorneys for Defendants*

Pursuant to Civil L.R. 5-4, the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.